J. A. MACDONELL AND OTHERS v. KELLER MANUFACTURING COMPANY.[1]

October 23, 1903.

Nos. 13,587—(88).

**Cancellation of Contract.**

The issue whether a contract for the procurement by plaintiffs of a policy of insurance for defendant was cancelled by the mutual consent of the parties, *held*, on the facts stated in the opinion, a question of fact.

Appeal by plaintiffs from an order of the district court for Stearns county, Searle, J., denying a motion for judgment notwithstanding the verdict. Affirmed.

*Morton Barrows,* for appellants.

*Theo. Bruener,* for respondent

BROWN, J.

Action to recover a premium alleged to be due upon a policy of insurance claimed to have been sold by plaintiffs to defendant. Plaintiffs had a verdict for a portion of the amount sued for, and appeal from an order denying their motion for judgment for the full amount notwithstanding the verdict.

The facts are as follows: Some negotiations were had between the plaintiffs and defendant looking to the issuance of an employer's liability insurance policy to defendant, pursuant to which plaintiffs caused to be issued by the Ocean Accident & Guaranty Company, a corporation

[1]Reported in 96 N. W. 785.

90 M.—21

formed and created in England, but doing business in this country, and for which plaintiffs were general agents, a policy of insurance covering risks by accidents to defendant's employees, the agreed premium for which was $82.50. The policy was transmitted by plaintiffs by mail to defendant at its place of business in. Sauk Center, this state, on May 21, 1900, and was duly received by it and retained until July 10, following, when it was returned by mail to plaintiffs at their place of business in Minneapolis, with the statement by defendant that it did not wish to take out such insurance. Plaintiffs immediately returned the policy to defendant, claiming that the long delay in returning it amounted to an acceptance, and that it could be cancelled or surrendered only by agreement of the parties, and payment by defendant of a pro rata share of the premium, and stating, further, that, if defendant desired it so cancelled, plaintiffs would comply with the request, and formally cancel it, upon receipt of the earned portion of the premium. The policy, with the accompanying letter, was received by defendant, and, without directions or instructions, the policy was again returned to plaintiffs, whereupon plaintiffs wrote defendant, acknowledging the receipt of the policy, and stating that it was held by them subject to the order of defendant, and notifying defendant, also, that action would be brought to recover the full premium. No further negotiations looking to the cancellation of the policy or a settlement of the dispute between the parties were had, and this action was subsequently brought to recover the full amount agreed to be paid for the policy, $82.50.

The defense interposed at the trial was (1) that the policy had never been accepted by defendant, and never became operative as a contract between the parties; (2) that the policy was cancelled by mutual consent of the parties on July 10, at the time it was finally returned to plaintiffs by defendant. The trial court instructed the jury that if defendant retained the policy after its receipt an unreasonable time, without objecting to its form or contents, such act would amount to an acceptance, and bind defendant to pay the premium therefor; that, if the jury so found, they would return a verdict for plaintiffs, but that in no event could plaintiffs recover more than $10.25, the same being the earned portion of the premium to the date when the policy was returned to them, on July 10. The latter part of this instruction was given on the basis that the evidence showed, as a matter of law, a cancella-

tion of the policy on that date. The jury returned a verdict for plaintiffs for $10.25, thereby necessarily finding an acceptance of the policy by defendant when first delivered to it; that it was retained by defendant an unreasonable length of time, which amounted to an acceptance. Plaintiffs subsequently moved for a new trial on various grounds, and also for judgment for the full amount of the premium, notwithstanding the verdict. The trial court granted the new trial, but refused the motion for judgment notwithstanding the verdict, and the appeal is from the latter order.

The only question we deem it necessary to consider is whether the evidence is conclusive against the contention of defendant that the policy was cancelled by the consent of the parties at the time of its return to plaintiffs on July 10, though, in view of a new trial, we may say in passing that the question whether defendant retained the policy an unreasonable length of time was, under the evidence, properly submitted to the jury. If the policy was cancelled, and that fact appears conclusively from the record, the trial court was entirely correct in instructing the jury as it did; but, if it does not so appear, the question was one of fact for the jury to determine. The record does not disclose the views of the trial court upon this question, but we assume that it came to the conclusion that the question was one for the jury, and for that reason denied the motion for judgment notwithstanding the verdict and granted a new trial.

It is contended by counsel for appellants that the policy was not cancelled, and that they are entitled to judgment for the full amount of the premium, the jury having found by their verdict an acceptance of the policy by defendant when it was first delivered. The only ground urged in support of this claim is that defendant could not effect a cancellation of the policy, for the reason that it had not complied with its terms giving the right of cancellation. This is based on that part of the policy which provides that it may be cancelled by the insured by notice in writing to the company, "provided the premium shall have been paid." It is urged that, because the premium in question had never been paid, defendant was in no position to demand its cancellation. We do not concur in this view of the case. If it may be said that this provision of the policy is applicable as between these parties, it is clear that plaintiffs waived it, or at least whether they did so waive

it was a fair question for the jury. For by their letter of July 11, returning the policy to defendant, after defendant first returned it to them, they expressly offered and agreed to cancel it as of that date, provided defendant paid them a pro rata share of the premium, and this with knowledge of the fact that no part of the premium had ever been paid. But this provision of the policy was inserted therein for the benefit of the insurance company, and we do not understand upon what theory plaintiffs can invoke it in their behalf. It is true, they are the general agents of the insurance company; but this action was brought in their own right, not as such agents, nor as representatives of the company, and whatever contract they may have made with defendant concerning the issuance of this policy was made in their own behalf, and not in behalf of the company. It is beyond question that they could rescind and cancel such contract, and the terms and provisions of the policy as respects the right of cancellation as between defendant and the insurance company could in no way affect their action in that respect.

Whether a cancellation of the policy could be effected as to the insurance company before the full premium had been paid, by a waiver of such payment on the part of the agents without the consent of the general manager, as provided in the policy, we need not determine. The rights of the company in that respect are not here involved. The evidence made the question, as between plaintiffs and defendant, one of fact for the jury to determine; and the court below properly granted a new trial, instead of judgment in favor of plaintiffs notwithstanding the verdict.

Order affirmed.